**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **LAURA A. SHARP,** | ) | **CASE NO.1:08CV2026** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| **Vs.** | ) | |
| | ) | |
| **CLEVELAND METROPOLITAN SCHOOL DISTRICT,** | ) | **OPINION AND ORDER** |
| | ) | |
| **Defendant.** | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on Defendant Cleveland Metropolitan School District's ("CMSD") unopposed Motion to Dismiss (ECF #10).  For the following reasons, the Court grants Defendant's unopposed Motion and dismisses Plaintiff's Complaint.

On August 21, 2008, Plaintiff Laura A. Sharp ("Sharp"), proceeding pro se, filed her Complaint with this Court, alleging Defendant violated her rights under Title VII of the Civil Rights Act of 1964, the Americans With Disabilities Act ("ADA"), the Fourteenth Amendment to the United States Constitution and Ohio Revised Code §4112.02, when it laid off Plaintiff and failed to recall her due to her disability.

1

The facts as alleged in Plaintiff's Complaint state Plaintiff was employed as a payroll auditor by Defendant for approximately eleven years. At some point in her employment, Plaintiff suffered from a back ailment which limited her ability to sit or stand for periods of time.  To accommodate Plaintiff's condition, Defendant changed Plaintiff's employment position to Human Resource Assistant, which offered her the opportunity to stand and walk, thereby relieving the pressure and pain Plaintiff suffered when she had to sit for extended periods of time.  On or about November of 2006, Plaintiff was laid off.  Defendant's stated reason for laying off Plaintiff was a reduction-in-force.  Plaintiff contends the lay off was due to her disability.  Furthermore, three months afterPlaintiff was laid off, Defendant advertised an opening for a Human Resource Assistant but failed to recall Plaintiff as required by a Collective Bargaining Agreement ("CBA"), which governed Plaintiff's employment with Defendant. Plaintiff contends Defendant's failure to recall her under the terms of the CBA was due to Plaintiff's disability.

On December 1, 2008, Defendant filed its Motion to Dismiss pursuant to Fed. R. Civ. P 12(b)(1) and 12(b)(6).  Defendant claims Plaintiff's Title VII claim must be dismissed as Plaintiff failed to file this claim with the Equal Employment Opportunity Commission ("EEOC") prior to filing suit.  Defendant also contends Plaintiff's ADA claim must be dismissed as it was filed outside the three hundred day limitation imposed by law.  Furthermore, Plaintiff's Fourteenth Amendment claim is barred as a matter of law because she had no property interest in her position of employment. Even assuming Plaintiff did have a property interest in her employment, the CBA provided the relevant due process and Plaintiff failed to take advantage of the grievance/arbitration procedures contained therein.  On December 11, 2008, counsel entered

an appearance on behalf of Plaintiff. As of the filing of this Opinion, no opposition to Defendant's Motion to Dismiss has been filed, nor has there been a request by Plaintiff for an extension of time to file an opposition.

### **STANDARD OF REVIEW**

The Defendant's Motion to Dismiss was brought under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). Fed. R. Civ. P. 12(b)(1) states in pertinent part:

> Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (1) lack of jurisdiction over the subject matter....

When challenged on a Motion to Dismiss, it is Petitioner's burden to prove the existence of subject matter jurisdiction. *Rogers v. Stratton Indus.,* 798 F.2d 913, 915 (6th Cir.1986). . Such challenges are brought by two different methods: (1) facial attacks; and (2) factual attacks. *See, e.g., United States v. Ritchie,* 15 F.3d 592, 598 (6th Cir.1994).

"A *facial* attack is a challenge to the sufficiency of the pleading itself. On such a motion, the court must take the material allegations of the petition as true and construed in the light most favorable to the nonmoving party." *Walters v. Leavitt*, 376 F.Supp.2d 476, 752 (E.D. Mich 2005), *citing Scheuer v. Rhodes,* 416 U.S. 232, 235-37 (1974). "A *factual* attack, on the other hand, is not a challenge to the sufficiency of the pleading's allegations, but a challenge to the factual existence of subject matter jurisdiction. On such a motion, no presumptive truthfulness applies to the factual allegations,.... and the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. But the fact that the court takes evidence for the purpose of deciding the jurisdictional issue does not mean that factual findings are therefore binding in future proceedings." *Walters* at 752. (Citation omitted).

Fed. R. Civ. P. 12(b)(6) states:

Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (6) failure to state a claim upon which relief can be granted;

" The Supreme Court has recently clarified the pleading standard necessary to survive a Rule 12(b)(6) motion." *CGH Transport Inc. v. Quebecor, World, Inc.,* 261 Fed. App'x. 817, 819, (6th Cir. 2008) citing *Bell Atl. Corp. v. Twombly ,* --- U.S. ----, 127 S.Ct. 1955 (2007). Factual allegations contained in a complaint must 'raise a right to relief above the speculative level.' *Id.* at 1965. *Twombly* does not "require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974. "In reviewing a motion to dismiss, we construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh,* 487 F.3d 471, 476 (6th Cir.2007). When a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein. *See Amini v. Oberlin Coll.,* 259 F.3d 493, 502 (6th Cir.2001).

Local Rule 7.1(g) authorizes this Court to "rule on unopposed motions without hearing at any time after the time for filing an opposition has expired." The district court's power to grant dispositive motions because they are unopposed is firmly settled. *Demsey v. R.J. Reynolds Tobacco Co.*, 2005 WL 1917934, \*2 (N.D. Ohio 2005); *Peacock v. Bayview Loan Serv.*, 2005 U.S. Dist. LEXIS 10276, \*9-10 (N.D. Ohio 2005) (both citing to *Cacevic v. City of Hazel Park*,

4

226 F. 3d 483, 492 (6th Cir. 2000).  A party's continuing "failure to respond" may be deemed a "confession" to the motion's merit.  *Cacevic, id.*

## ANALYSIS

As a threshold issue, this Court finds Plaintiff's failure to respond to or oppose Defendant's Motion to Dismiss may be deemed a waiver of opposition to the motion, abandonment and/or a confession. *Scott v. State of Tennessee,* 878 F.2d 382, 1989 WL 72470, *2 (6th Cir. 1989), citing *Elmore v. Evans,* 449 F.Supp. 2, 3( E.D. Tenn. 1976) aff'd 577 F.2d 740 (6th Cir. 1978).  See also *Doe v. Bedesen,* 507 F.3d 998, 1007-08 (6th Cir. 2007); *Cacevic* at 492.  Therefore, the Court dismisses Plaintiff's ADA for failure to recall; violation of her Fourteenth Amendment rights and her claim of retaliation, insofar as the Complaint states such a claim, as Plaintiff has waived opposition to the Motion by failing to respond or oppose.  However, the Court will address the merits of certain claims in Plaintiff's Complaint that require additional discussion.

### Plaintiff's Claim Pursuant to 42 U.S.C. § 2000e-16 et seq.

Insofar as Plaintiff's Complaint alleges a cause of action for discrimination under 42 U.S.C. §2000e-16, the Court finds this section applies only to federal employees.  Because Plaintiff was not a federal employee at the time of the alleged discrimination, the Court grants Defendant's unopposed Motion to Dismiss.

### Plaintiff's Claims Under Title VII of the Civil Rights Act of 1964

Title VII of the United States Code makes it unlawful for an employer to "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individual's race, color, religion, sex, or national origin."  42

U.S.C. §2000e-2(a)(1). Plaintiff's Complaint fails to allege any discrimination based on her race, color, religion, sex or national origin. Furthermore, a party must first file a timely charge with the EEOC before it can recover for illegal discrimination in the workplace under Title VII. Plaintiff attached to her Complaint a right to sue letter from the EEOC dated May 23, 2008. Defendant attached to its Motion to Dismiss Plaintiff's Charge of Discrimination which only contained an allegation of discrimination based on her disability. Therefore, the Court grants Defendant's Motion to Dismiss Plaintiff's Title VII claim as Plaintiff's claims do not implicate Title VII.

**Plaintiff's Claim of Wrongful Termination Pursuant to the Americans with Disabilities Act**

The ADA provides a "clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities." 42 U.S.C. § 12101(b)(1). The ADA incorporates the EEOC statutory filing limitations enumerated in Title VII. 42 U.S.C. §§ 2000e-5(e)(1) & 12117(a). The Court grants Defendant's Motion to Dismiss Plaintiff's claim of discrimination for her lay off in November of 2006 due to her disability because Plaintiff's filing with the Ohio Civil Rights Commission ("OCRC") (presented to the EEOC) fails to allege her lay off was the result of discrimination based on her alleged disability. Rather, her Charge of Discrimination states, "I believe that I was not reinstated because of my disabilities in violation of the Americans With Disabilities Act of 1990." Therefore, Plaintiff has failed to exhaust her administrative remedies with respect to her claim of wrongful discharge under the ADA.

Furthermore, the Sixth Circuit has held,

Usually, if the alleged discrimination occurred more than 180 days prior to the plaintiff's filing of an EEOC charge, claims implicating these actions are barred. However, if the alleged unlawful practice occurs in a "deferral state," in this case Ohio, which has enacted its own laws prohibiting discrimination in employment,

6

the plaintiff must file suit within 300 days of the alleged discriminatory act. *Amini v. Oberlin College,* 259 F.3d 493, 498 (6th Cir. 2001). Plaintiff's Complaint alleges she was laid off in November 2006. She signed her OCRC charge on November 13, 2007, and it was received sometime thereafter.[1] Therefore, regardless of the date in November 2007 that she filed her charge, it is beyond the 300 day limitation. "If a claimant fails to file a timely charge with the EEOC, he cannot pursue a claim based on the statute. *Sherman v. Optical Imaging Systems, Inc.,* 843 F.Supp. 1168, 1179 (E.D.Mich.,1994). Although the time limitation is subject to equitable tolling, Plaintiff's Complaint provides no explanation for the late filing. As Plaintiff has failed to respond to Defendant's Motion to Dismiss, the Court grants the Motion on Plaintiffs claim of wrongful termination due to disability.

Therefore, the Court grants Defendant's unopposed Motion to Dismiss Plaintiff's Complaint and dismisses Plaintiff's federal claims. The Court declines to exercise its supplemental jurisdiction over Plaintiff's state law claims and dismisses them without prejudice.

IT IS SO ORDERED.

S/Christopher A. Boyko
CHRISTOPHER A. BOYKO
United States District Judge

January 12, 2009

---

[1] The "Received" date on Plaintiff's Charge of Discrimination filed with the OCRC is illegible but appears to be Nov. 2_, 2007.